UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL NAIL CORP.,

        Plaintiff,

  v.

B-KAP ENTERPRISES,INC.
and ALLAN OMLI,

        Defendants.

_____/

Civil Action No. 05-CV-0061

Judge Avern Cohn

### Order on Claim Construction[1]

This is a patent case. The patent in suit, U.S. Patent Number 6,478,209B1, Feeding and Driving Assembly for a Combination Staple Cap Fastener, is described in the Abstract as follows:

> A fastener applying device for causing a driven staple to be driven through a disk-like cap to create a staple-cap fastener for securely attaching flexible or deformable materials to a substrate. The device includes an automatic stapler capable of automatically driving a staple into the substrate. The device also has a cap feeding device including a magazine containing a reel of caps positioned generally edge-to-edge and joined in a continuous strip, such as by an adhesive tape. The cap strip is fed from the reel into a guide track which feeds the leading cap of the strip into a driving region disposed below the discharge end of the staple driver. The guide track defines thereon stops which straddle the driving region, and which positionally contact the structure into which the fastener is to be driven.

Representative Claim 9 reads as follows:

> A driving feeding device for a staple, comprising:
> -- a staple driving unit including a driving head having a staple guide member fixed to one end thereof and terminating in a discharge end, and a staple driver slideably supported along the guide member for ejecting a staple along a first axis which extends lengthwise of the guide member;
>
> -- a staple cartridge mounted to said driving unit for supporting a stack of

---

[1]This is a memorialization of the Court's bench discussion of April 17, 2006.

>   channel-like staples so that an endmost staple of the stack is positioned for engagement with the staple driver during driving movement thereof;
>
>   -- a cap feeding device coupled to said driving unit for intermittently and sequentially feeding a thin disk-like cap into a driving position disposed adjacent and substantially aligned with the discharge end of the guide member, said cap feeding device including:
>
>>   (a) a magazine for containing an elongate cap strip defined by a plurality of thin disk-like caps disposed in closely adjacent edge-to-edge positional relationship and serially connected by a connecting member,
>>
>>   (b) the caps having a shallow dome-shaped configuration when viewed in cross-section and constructed of a plastic material so as to be resiliently deformable when a staple is driven therethrough,
>>
>>   (c) a track arrangement extending from a discharge of said magazine to said driving region for movably supporting thereon a length of said cap strip so that a leading cap of said length is disposed in a lead-in position which is sidewardly spaced from said driving position,
>>
>>   (d) a cap advancing device for advancing a cap from said lead-in position to said driving position wherein it is penetrated by the staple discharged along said first axis by said staple driver; and
>>   Said staples as provided in the staple cartridge having a crown width of about 35% to about 50% of the cap diameter.

The only phrase in Claim 9 on which the parties disagree and which requires construction is the term "a connecting member."  This phrase describes the manner in which the "plurality of thin disk-like caps disposed in closely adjacent edge-to-edge positional relationship" are linked.  The specification indicates a variety of constructions of "connecting member."  In the preferred embodiment it is described as a "thin flexible strip of adhesive tape **42**, which extends along a series of caps and is adhesively formed to the upper surface thereof." Col. 7: ll. 46-51, fig. 12.  Other constructions, however, are within the ambit of "connecting member."  The specification incorporates by reference application number WO 99/39878 under the Patent Cooperation Treaty:

> "The improved fastening device described above is illustrated in International Publication WO 99/39878, owned by the Assignee hereof, and the disclosure of this latter publication is incorporated herein by reference," col. 2: ll. 32-36, and states, "Further structural and functional details of the caps, the tape and the connection therebetween are described in detail in aforementioned WO 99/39878, incorporated herein by reference, so that further description thereof is believed unnecessary." Col. 7: ll. 63-67.

The PCT application states that in addition to using tape:

> There are other ways to attach washers together that functionally can be satisfactory. These include molding or otherwise forming the washers with their edges joined together edge-to-edge; molding the washers side-by-side with a string, such as a nylon fishing line, extending though the mold cavity and being integrally molded into the washers (called "string collation"); melting the washers together so that they are attached edge-to-edge; gluing or bonding the washers together edge-to-edge; and attaching the washers with mechanical tabs, such as a tab on one washer that fits a recess in another washer. P. 8: ll.12-18.

These additional constructions are described in Plaintiff's Opening Claim Construction Brief filed June 9, 2006, at pp. 6-8, and need not be repeated here.

> The proper construction of "connecting member," therefore, is as follows:
>
> A connecting member is a part that links two or more caps to form a strip of joined caps, such as: a strip of tape that engages the caps to hold them together; a molded part positioned between and linking the caps; a melted part of a cap or caps that joins the caps; a portion of glue or a physical bond between the caps; or a mechanical tab configuration that joins the caps.

There is nothing in Defendant's Response Brief that persuades the Court otherwise.

This construction is tentative and is subject to change should the pretrial or trial record call for a change.

SO ORDERED.

                                              s/ Avern Cohn
                                              AVERN COHN
                                              UNITED STATES DISTRICT COURT JUDGE

DATE: August 18, 2006